# Edward Lamb & al. vs. Franklin Manufacturing Company, and Trustees.

The answers of a trustee are to be regarded as true and conclusive upon all matters of fact in them; but when the trustee sets up rights or draws conclusions, arising out of or resulting from the facts stated, such rights or conclusions are subject to the revision of the court.

When the trustee admits that he holds the property of the principal to a certain amount subject to this process, it must clearly appear from his answers, that he has just claims to an equal amount, before he can be discharged. Every doubtful statement is to be received as indicative that he could not truly make one, which would relieve the case from doubt.

THE questions in this case arose upon the answers of *A. F. Howard* and *W. A. Burnham,* who were summoned as trustees. The company was in debt, and suits were brought and personal property of the company attached, for which *Howard* and *Burnham* became receipters. The company had also made contracts partly performed at the time of the attachment, which the company could not complete. An arrangement was made by which with the as-

sent of the creditors *Howard* and *Burnham* were to complete the contracts, and obtain payment, making use of the property attached. The description of services performed by them sufficiently appears in the opinion of the Court. The trustees in their answers say : — " Our whole expenditures in finishing the contracts before named, amount to the sum $12,735,33. Our receipts to $15,023,52. And we have charged $1200 each as commissions and compensation for our services in performing said contracts, leaving a balance due us of $111,81."

*Bradley*, for the plaintiffs, cited 4 *Mason*, 460 ; 5 *Mason*, 281 ; 5 *N. H. Rep.* 178.

*Appleton*, for the trustees.

The opinion of the Court was by

SHEPLEY J. — The answers of a trustee are to be regarded as true and conclusive upon all matters of fact stated in them.' When the trustee sets up rights or draws conclusions arising out of or resulting from the facts stated, such rights or conclusions are necessarily subject to revision. And when he admits, that he holds the property of the principal to a certain amount subject to this process, it must clearly appear from his answers that he has just claims to an equal amount before he can be *discharged.* Every doubtful statement is to be received as indicative that he could not truly make one, which would relieve the case from doubt.

The trustees in this case do not state that they were entitled to any agreed compensation. Their claims are in the nature of a *quantum meruit* for services, commissions and risks. It appears that the contract was completed in little more than three months, and the whole business settled at the factory in little more than two months more. One of the trustees left that place in a couple of weeks afterward and shortly after the country. The other does not appear to have been further employed upon the business of the contract except so far as his personal attention might be required about the suit, occasioned by an attachment of a part of the property.

Under all the circumstances exhibited in the answers the Court cannot decide, that it clearly appears, that the trustees were entitled to retain the full amount charged, and they must be adjudged trustees.